UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                     Case No.: 14-55707
                                           Chapter 7

        FRANCIS THORNTON, III             Hon. Walter Shapero

                 Debtor(s).
_____/

        CHARLES L. WELLS, III, TRUSTEE,

                 Plaintiff(s),

vs.                                         Adv. Pro. No.: 15-04026

        FRANCIS THORNTON, III,

                 Defendant(s).
_____/

## OPINION GRANTING JUDGMENT IN FAVOR OF PLAINTIFF

This is a proceeding instituted by the Trustee against the Defendant seeking denial of discharge under various subsections of § 727. The Complaint alleges (1) a failure to list in Schedule A owned real estate in Wolverine, Michigan; (2) a failure to list Schedule B a motorcycle, two snowmobiles, a travel trailer, and three checking accounts; (3) a failure to list in Schedule D a secured claim; (4) if any of the foregoing unlisted assets had been transferred within one year prior to the October 7, 2014 petition date, a failure to disclose information as to such transfers as is called for in paragraph 10 of the Statement of Financial Affairs; (5) a failure to disclose the receipt of rental income (presumably from a number of properties listed as owned by Defendant in Schedule A) during the two years prior to the petition date, as is called for in paragraph 2 of the Statement of Financial Affairs; and (6) failure to disclose in the Means Test, Form 22A, the receipt of income (a)

1

from employment as an employed electrician, and (b) unemployment benefits. Fairly construed, the Answer to the Complaint did not contain any specific admissions of the above noted allegations in the Complaint. The proceeding was scheduled for trial on October 28, 2015. Incident to such, the parties previously submitted, and the Court entered as an Order, the required agreed to form of a Joint Final Pretrial Statement (Docket No. 20). That Order contained no stipulations of fact going to the substance of the proceeding. The Order stated, in respect to the paragraph mandating the listing of witnesses, (a) that "Plaintiff will call the following witnesses: 1 Defendant", and (b) that "Defendants will call the following witnesses: *** Defendant." Each party also listed a witness or two who "might" be called. Defendant was the only witness that Plaintiff said he "will" call. Plaintiff also stated he "might" call any witnesses called at trial by Defendant, and any rebuttal witnesses needed. Defendant also said he "will call" the Plaintiff Trustee, and "may" call a named attorney. At the date and time of the trial, only counsel for both parties, but no witnesses, initially appeared. The Court waited approximately one hour and then recalled the matter and asked the parties if the Defendant had appeared. Counsel for Defendant responded by saying that in the interim, he had talked to his client, the Defendant, and was told by Defendant that he was not going to appear (offering no reason for failing to do so). Plaintiff then elected to continue the hearing. Two exhibits had been stipulated to - they being Plaintiff's Exhibit A, consisting of Debtor's bankruptcy Schedules and Statement of Financial Affairs, and, Exhibit B, the filed Form 22A Means Test. The parties agreed the Court could take judicial notice of any and all pleadings and filings on the bankruptcy case and adversary proceedings dockets. Neither Plaintiff or Defendant offered any other admissible evidence going to the merits of Complaint. The foregoing constitutes the complete factual record.

2

Plaintiff argues that he should be granted a default judgment primarily based on Fed.R. Bankr. P 4002(a)(2), which says that "the Debtor shall ***; (2) attend the hearing on a complaint objecting to discharge and testify, if called as a witness".  Debtor argues that "if called" means the Debtor Defendant must also have been properly subpoenaed to appear and testify (which he was not).  Quite clearly, the Debtor did not "attend" the hearing as the Rule requires.  In the Court's view, "attending" the hearing, i.e.:  being physically present, necessarily also involves testifying, if called by either party during the course of the hearing.  Additionally, the Count concludes that the cited statements of **BOTH** parties, but particularly the Defendant, in the Joint Final Pretrial Order, that the Defendant "will" appear as a witness are  (1) the equivalent of Defendant being "called" within the meaning of the rule; and/or is the legal equivalent of the Debtor having been subpoenaed, to appear at the trial; and (2) in any event, estop(s) or preclude(s) the Defendant from now arguing the necessity of a subpoena, if indeed the rule is construed as requiring a subpoena under these circumstances.  To conclude otherwise would be to sanction an attempt to game the system and sandbag an opponent in a manner that is unacceptable and inconsistent with  appropriate trial behavior.

Collier on Bankruptcy, in respect to the cited rule at ¶ 4002.03 states:

> Federal Rule of Bankruptcy Procedure ¶ 4002(a)(2) requires the debtor to attend the hearing on any complaint filed pursuant to Code § 727*** objecting to the debtor's discharge.  It does not, however, require such attendance at hearings on complaints concerning the dischargeability of particular debts under § 523(a) of the Code.

E.D.Mich. LBR 7016-1(a), with reference to a Joint Final Pretrial Order states that when it is entered, "the order supersedes the pleadings and governs the course of trial unless modified by further order."  No modifying order has been entered.  E.D.Mich. LBR 7016-1(c), relating to Failure

3

to Cooperate, states that "For failure to comply with the requirements of this rule or with the terms of joint final pretrial order, the court may dismiss claims, ENTER A DEFAULT JUDGMENT *** or impose other appropriate sanctions".  (Emphasis added).  In light of the foregoing, the non-appearance of Defendant was a failure to comply with the terms of the Joint Final Pretrial Order and the cited National and Local Rules consequently permitting imposition of an appropriate sanction.

By reason of the foregoing, the Court concludes that sanction to be granting of a Default Judgment to Plaintiff.  Plaintiff shall present an appropriate order denying Defendant Debtor a discharge in this bankruptcy case.


Signed on November 02, 2015

                                        /s/ Walter Shapero
                                     Walter Shapero
                                     United States Bankruptcy Judge

4